UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYNASTY, LLC,<br><br>          Plaintiff,<br><br>     -against-<br><br>JAMES HARTE,<br><br>          Defendant. | 25-CV-7223 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

On August 28, 2025, Defendant James Harte removed this action to this Court from the Supreme Court of the State of New York, County of Westchester. ECF No. 1. On September 4, 2025, this Court ordered Defendant to show good cause as to "why the case should not be remanded, by asserting the jurisdictional basis for removal." ECF No. 6. The following day, on September 5, 2025, the Clerk of Court mailed Defendant a copy of this Order to Show Cause. ECF No. 13. Accordingly, on October 2, 2025, after Defendant failed to respond to the Court's Order to Show Cause by the set deadline, the Court granted Plaintiff Dynasty, LLC's request to remand this case to the Supreme Court of the State of New York, County of Westchester. ECF No. 10. For the reasons stated in that Order, the Court lacks subject matter jurisdiction over this action. *Id.*

On January 8, 2026, Defendant moved for relief from the Court's October 2, 2025 Order remanding this action. ECF No. 14. Defendant's basis for his request is his assertion that Plaintiff's counsel "had no standing before the Court for fail[ure] to make application for Pro Hac Vice" admission. *Id. See also* ECF No. 15 at 2 (raising in Defendant's accompanying Memorandum of Law that "Defendant asserts that counsel lack[s s]tanding for representation of Plaintiff").

Defendant's argument is baseless. The Court has confirmed that Plaintiff's counsel is admitted to practice in the United States District Court for the Southern District of New York and therefore, did not need to seek admission to practice pro hac vice before this Court. And, in any event, that issue is irrelevant to whether the Court has subject matter jurisdiction over this matter—an issue about which Defendant failed to address. *See* ECF Nos. 14–16.

Therefore, the Court DENIES Defendant's Motion for Relief. The Clerk of Court is directed to terminate ECF No. 14.

Dated: January 9, 2026
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge